UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *EX REL. THE CALIFORNIA AIR RESOURCES BOARD AND XAVIER BECERRA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA*,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, AND MERCEDES-BENZ USA, LLC,<br><br>Defendants. | Civ No. 1:20-cv-02565-EGS *consolidated with* 1:20-cv-02564-EGS<br><br>CALIFORNIA'S MOTION TO ENTER CALIFORNIA PARTIAL CONSENT DECREE |

**CALIFORNIA'S MOTION TO ENTER CALIFORNIA PARTIAL CONSENT DECREE**

The People of the State of California, by and through the California Air Resources Board ("CARB") and Xavier Becerra, Attorney General of the State of California, represented by the Office of the California Attorney General ("California Attorney General"), respectfully request that the Court enter the California Partial Consent Decree, lodged with the Court on September 14, 2020, Dkt. No. 4-1 in Case No. 1:20-cv-02565-EGS (*consolidated with* Case No. 1:20-cv-02654-EGS), and attached to this motion as Exhibit 1.  The California Partial Consent Decree accompanies the US/CARB/Daimler Consent decree, also lodged with this Court on September 14, 2020, Dkt. No. 2-1 in Case No. 1:20-cv-02564-EGS.  Unlike the US/CARB/Daimler Consent Decree, the California Partial Consent Decree is not subject to any notice and comment requirements.

Further, on December 11, 2020, undersigned counsel informed counsel for Daimler that CARB and the California Attorney General would be filing this Motion, and Daimler confirmed that it does not oppose entry of the California Partial Consent Decree.

1

## I. INTRODUCTION AND BACKGROUND

On September 14, 2020, California filed a complaint against Defendants Daimler AG and Mercedes-Benz USA, LLP (collectively, "Daimler"), alleging that Daimler violated certain provisions of California law with regard to 36,946 model year ("MY") 2009 to 2016 BlueTEC II diesel vehicles in California (a subset of the Subject Vehicles). For his part, the California Attorney General alleges that Daimler, through their violations of the California Health and Safety Code and California Code of Regulations as pled by CARB, engaged in unlawful business acts or practices, within the meaning of California Business and Professions Code § 17200 et seq. The California Complaint alleges, among other things, that the Subject Vehicles contain undisclosed Auxiliary Emission Control Devices ("AECDs") and prohibited Defeat Devices, as well as several unreported, unapproved running changes and field fixes that have resulted in, and continue to result in, increased NOx emissions from each Subject Vehicle in excess of California limits. The California complaint seeks injunctive relief, mitigation, costs and other relief.

If entered by this Court, the California Partial Consent Decree, together with the US/CARB/Daimler Consent Decree, would collectively resolve California's civil environmental claims against Daimler and related to the Subject Vehicles.

## II. LEGAL STANDARD FOR ENTRY OF CONSENT DECREE

A court should enter a consent decree if it determines that "it is fair, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (internal citation omitted); *see also Massachusetts v. Microsoft*, 373 F.3d 1199, 1206 n.1 (D.C. Cir. 2004) (stating that general requirement that a consent decree must "fairly and reasonably resolve the controversy in a manner consistent with the public interest") (internal quotations and citation omitted). The court's duty is not to "inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy," but only to "determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties." *Id*. (internal quotation marks omitted). If the court finds that

the consent decree is "fair, adequate and reasonable under the facts, the agreement may be entered by the court. *Home Builders Associations of N. California v. Norton*, 293 F. Supp. 2d 1, 3 (D.D.C. 2002).

### III.  ARGUMENT

Here, the California Partial Consent Decree is fundamentally fair, adequate, and reasonable.  Daimler does not oppose this motion, and the parties to the California Partial Consent Decree have agreed to the terms, as evidenced by their signatures on the document.  As recognized by the parties, the California Partial Consent Decree "has been negotiated by the Parties in good faith and will avoid litigation among the Parties" regarding certain aspects of California's claims, and the California Partial Consent Decree is "fair, reasonable, and in the public interest."  California Partial Consent Decree at 4.  California and Daimler, along with the United States were engaged in complex settlement discussions, involving lawyers and technical experts for all parties.  The California Partial Consent Decree, along with the US/CARB/Daimler Consent Decree, form an integrated resolution to remedy the violations alleged in the California Complaint.  The relief provided is substantial, and it directly addresses the violations alleged by California

#### A.  The US/CARB/Daimler Consent Decree

As described in detail in the United States' Motion for Entry of Consent Decree, Dkt. No. 7, the US/CARB/Daimler Consent Decree establishes a recall program offering consumers an approved emissions modification to be applied to the Subject Vehicles and an extended warranty, requires Daimler to implement corporate compliance reforms, and requires Defendants to make a civil penalty payment of $131,250,000 to CARB and a separate penalty payment of $42,707,900 to CARB for certain additional on-board diagnostic non-compliances.

#### B.  The California Partial Consent Decree

In combination with the US/CARB/Daimler Consent Decree, entry of the California Partial Consent Decree would fully resolve claims brought by CARB on behalf of the People of the State of California against Daimler.  The California Partial Consent Decree requires Daimler to

make a $110,000,000 payment to CARB, which, as with the other amounts paid to CARB, will be deposited into the State of California's Air Pollution Control Fund and be used to fund mitigation actions or projects that reduce NOx emissions in California. This mitigation payment is intended to fully mitigate the total lifetime excess NOx emissions from Subject Vehicles in California, as alleged by California.

Entry of the California Partial Consent Decree will also resolve civil claims for relief under Section 17200 that the California Attorney General alleged or could have alleged in the California Complaint regarding the Subject Vehicles based on facts disclosed by Daimler to California before lodging of the California Partial Consent Decree, but only to the extent that those claims are predicated on allegations that Daimler engaged in unlawful business acts or practices, within the meaning of Section 17200, by virtue of having violated certain provisions of California and Federal law[1]. Entry of the California Partial Consent Decree will also resolve all claims that could have been brought by the California Attorney General, in his independent enforcement capacity, pursuant to certain provisions of California and Federal law[2], but only to the extent such claims relate to the Subject Vehicles and are based on facts alleged in the California Complaint or facts disclosed to California before the lodging of the Consent Decree. The California Partial Consent Decree includes significant injunctive relief designed to prevent and detect future misconduct related to the allegations in California's complaint. Finally, the California Partial Consent Decree requires Daimler to pay a total of $17,500,000 to the California Attorney General to be used by the California Attorney General for the future

---

[1] These provisions of California and Federal law include California Health & Safety Code sections 43106, 43016, 43151, 43152, 43153, 43205, and 43211; California Code of Regulations, Title 13, sections 1961, 1961.2, 1965, 1968.2, and 2037; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3.

[2] These provisions of California and Federal law include California Health & Safety Code sections 43106, 43016, 43151, 43152, 43153, 43205, 43212 and 43211; California Vehicle Code section 27156; California Code of Regulations, Title 13, sections 1903, 1961, 1961.2, 1965, 1968.2; 2037; California Civil Code section 3494 and common law nuisance; 42 U.S.C. section 7604 and Code of Federal Regulations, Title 40, section 54.3.

4

enforcement of environmental protection laws by the California Attorney General, the promotion of environmentally beneficial projects, and to defray the costs of the investigation leading to this California Partial Consent Decree, the US/CARB/Daimler Consent Decree, and of California's ongoing monitoring of Daimler's compliance with these consent decrees.

## IV. CONCLUSION

California respectfully submits that there is no just reason to delay entry of the California Partial Consent Decree (Dkt. No. 4-1 in Case No. 1:20-cv-02565-EGS (*consolidated with Case No.* 1:20-cv-02654-EGS), and attached to this motion as Exhibit 1), and therefore requests that the Court enter it as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

Dated: December 17, 2020                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ROBERT BYRNE
ED OCHOA
Senior Assistant Attorneys General
GARY E. TAVETIAN
Supervising Deputy Attorney General

*/s/ Joshua M. Caplan*_____

JOSHUA M. CAPLAN
JOHN SASAKI
Deputy Attorneys General
josh.caplan@doj.ca.gov
Fax: 619-645-2271
*Attorneys for the People of the State of California ex rel. the California Air Resources Board*

5

          */s/ David Zonana*              

DAVID A. ZONANA
Supervising Deputy Attorney General
JOSHUA R. PURTLE
Deputy Attorney General
david.zonana@doj.ca.gov
Fax: 619-645-2271
*Attorneys for the People of the State of California ex rel. Xavier Becerra, Attorney General of the State of California*

# EXHIBIT 1

California Partial Consent Decree

CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2020, I electronically filed the foregoing California's Motion to Enter California Partial Consent Decree with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Defendants Daimler AG and Mercedes-Benz USA, LLP identified below:

Raymond B. Ludwiszewski
Stacie B. Fletcher
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington D.C. 20036-5306
rludwiszewski@gibsondunn.com
sfletcher@gibsondunn.com

*/s/ Joshua M. Caplan*

JOSHUA M. CAPLAN